Gerald JOHANNES, Plaintiff–Appellant,

v.

ALAMEDA COUNTY SHERIFF DEPT.; Charles C. Plummer, Defendants–Appellees.

No. 06–16739.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 9, 2008 *.

Filed March 18, 2008.

Gerald Johannes, Vancouver BC, Canada, pro se.

Rebecca S. Widen, Esq., Andrea Anne Najor, Esq., Haapala Altura Thompson & Abern, LLP, Oakland, CA, for Defendants–Appellees.

Before: SKOPIL, FARRIS, and BOOCHEVER, Circuit Judges.

## MEMORANDUM**

Gerald P. Johannes brought this pro se civil rights action, alleging that a county jail's blanket policy of strip searching inmates violated his Fourth Amendment rights. The district court granted summary judgment to defendants, and we affirm.

Johannes was convicted in 1993 on seven counts of lewd and lascivious acts with children, Cal.Penal Code § 288(a), and three counts of continuous sexual abuse of a child, Cal.Penal Code § 288.5. Before his release from prison, the state petitioned for his civil commitment under California's Sexually Violent Predators Act (SVPA), Cal. Welf. & Inst.Code § 6600.1. During the pendency of his appeal of that petition, Johannes was temporarily lodged at the Santa Rita Jail in Alameda County as a witness in an unrelated matter. When he arrived there, he was subjected to a visual strip and body cavity inspection. He was similarly searched each day he returned from the courthouse. The searches were performed pursuant to a jail policy providing for visual strip searches of "inmates who have been ... outside of the secured facility ... upon return to the facility or housing unit."

In *Bell v. Wolfish*, 441 U.S. 520, 558–60, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979), the Supreme Court considered whether a blanket policy of strip searching detainees after every contact visit from a person outside the detention center violated the Fourth Amendment. The Court noted the "serious security dangers" at such institutions and that "[s]muggling of money, drugs, weapons, and other contraband is all too common an occurrence." *Wolfish*, 441 U.S. at 559, 99 S.Ct. 1861. Because the record documented "inmate attempts to secrete these items into the facility by concealing them in body cavities," the Court upheld the strip searches, reasoning that "the significant and legitimate security interests of the institution" outweigh "the privacy interests of the inmates." *Id.* at 559–60., 99 S.Ct. 1861

Johannes was not a pretrial detainee but rather was detained pending the adjudication of his SVPA status. We have acknowledged that such individuals are "entitled to conditions of confinement that are not punitive." *See Jones v. Blanas*, 393 F.3d 918, 933 (9th Cir.2004). Nonetheless, "SVPs have been civilly committed subsequent to criminal convictions and have been adjudged to pose a danger to the health and safety of others." *Hydrick v. Hunter*, 500 F.3d 978, 990 (9th Cir.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

2007). For that reason, they are subject to "[l]egitimate, non-punitive government interests" such as "maintaining jail security, and effective management of [the] detention facility." *Jones*, 393 F.3d at 932. Because they are held in jail, "the reasonableness of a particular search ... is determined by reference to ... concerns that mirror those that arise in the prison context: *e.g.*, the safety and security of guards and others in the facility, order within the facility and the efficiency of the facility's operations." *Hydrick*, 500 F.3d at 993 (internal quotation omitted).

Applying those factors, we agree with the district court that the jail's blanket strip search policy did not violate Johannes' Fourth Amendment rights. There was no dispute that Johannes was searched only when he returned from outside the physical confines of the jail. There was ample evidence that inmates' contacts with the outside world provided opportunities to obtain contraband and that such contraband had been discovered during the mandated strip searches. *See Wolfish*, 441 U.S. at 559, 99 S.Ct. 1861. Moreover, despite Johannes' segregation from the general inmate population and his claims of constant supervision, he still had limited contact with inmate workers in the segregation units and with inmates who traveled with him to and from the courthouse. Finally, contrary to Johannes' contention, jailers are not obligated to use the least intrusive search methods. *See id.* at 559–60 n. 40, 99 S.Ct. 1861.

Because we uphold the jail's blanket policy, it is not necessary for us to consider whether "reasonable suspicion" also supported the searches. Similarly, we need not consider the Sheriff's claim to qualified immunity or the county's potential liability. *See Aguilera v. Baca*, 510 F.3d 1161, 1167 & 1174 (9th Cir.2007) (noting if no constitutional violation occurred, the court need not consider qualified immunity or a claim

brought pursuant to *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)).

**AFFIRMED.**